**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRYAN JON GOOSSENS,

Defendant - Appellant.

No. 10-50133

D.C. No. 2:08-cr-00953-VBF-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

Bryan Goossens appeals the district court's denial of his motion to suppress

evidence obtained pursuant to a search warrant. Goossens has entered a

conditional guilty plea to possession of child pornography in violation of 18 U.S.C.

§ 2252A(a)(5)(B). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

We review the district court's denial of a motion to suppress evidence de novo, and we review the magistrate's finding of probable cause to issue a search warrant for clear error. *United States v. Hill*, 459 F.3d 966, 970 (9th Cir. 2006). A finding of probable cause warrants "great deference" from the reviewing court. *Id.* (quoting *United States v. Hay*, 231 F.3d 630, 634 n.4 (9th Cir. 2000)). If a case is a close call, "preference will be accorded to [a] warrant[] and to the decision of the magistrate issuing it." *United States v. Crews*, 502 F.3d 1130, 1135 (9th Cir. 2007) (quotation marks and citation omitted). "The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for . . . conclud[ing] that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983) (internal quotations omitted). In short, "probable cause means 'fair probability,' not certainty or even a preponderance of the evidence." *United States v. Gourde*, 440 F.3d 1065, 1069 (9th Cir. 2006) (en banc) (quoting *Gates*, 462 U.S. at 246).

The magistrate did not err in finding probable cause to issue a search

2

warrant. In this case, the warrant covered a search for evidence demonstrating violations of 18 U.S.C. §§ 2252A(a)(2) (receipt/attempted receipt and distribution/attempted distribution of child pornography), (a)(3)(B) (advertisement of child pornography), and (a)(5)(B) (possession/attempted possession of child pornography). The affidavit demonstrated "a reasonable nexus between the crime or evidence and the location to be searched." *Crews*, 502 F.3d at 1136-37 (citations omitted). It established that the defendant had corresponded with a child pornography distributor via his computer, that he had requested and received an email with sample files containing child pornography videos, and that those files would likely remain on his computer. This is sufficient to show a fair probability that a search of defendant's computer would yield evidence of possession, receipt, or attempted possession or receipt of child pornography. *See Gourde*, 440 F.3d at 1071 (finding probable cause due to a "triad of solid facts—the site had illegal images, [the defendant] intended to have and wanted to have access to these images, and these images were almost certainly retrievable from his computer if he had ever received or downloaded them"). "The Supreme Court requires neither a prima facie showing nor an affidavit containing facts that make it more likely true than false that [the defendant] possessed child pornography." *Id.* at 1073 (internal quotation marks omitted) (quoting *Texas v. Brown*, 460 U.S. 730, 742 (1983)).

3

Even if the magistrate had erred, the district court's denial of Goossens' motion to suppress was nonetheless correct because the officers acted in good faith and in reasonable reliance on the search warrant. *United States v. Leon*, 468 U.S. 897, 925-26 (1984). Because the affidavit was at least "sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause," the officers' reliance on the warrant was objectively reasonable. *Id.* at 926; *see United States v. Fowlie*, 24 F.3d 1059, 1067 (9th Cir. 1994); *Crews*, 502 F.3d at 1136. Therefore, the district court properly denied Goossens' motion to suppress.

**AFFIRMED**.